**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

FLORIDA HEALTH SCIENCES CENTER, INC. d/b/a TAMPA GENERAL HOSPITAL,

Plaintiff/Petitioner,

CASE NO:

v.

BLUE CROSS BLUE SHIELD OF MICHIGAN,

Defendant/Respondent.
_______________________________________/

**COMPLAINT FOR DECLARATORY RELIEF AND PETITION TO COMPEL ARBITRATION**

Plaintiff/Petitioner Florida Health Sciences Center, Inc. d/b/a Tampa General Hospital ("TGH") by and through its undesigned counsel, files its Complaint for Declaratory Relief and Petition to Compel Arbitration against Defendant/Respondent Blue Cross Blue Shield of Michigan ("BCBS-MI"), and states as follows:

**INTRODUCTION AND PARTIES**

1. TGH is a not-for-profit corporation organized and existing under the laws of the State of Florida with its principal place of business in Hillsborough

County, Florida. TGH is one of the largest hospitals in Florida and has one of the most comprehensive medical facilities in the State of Florida.

2. TGH is a party to the Preferred Patient Care Hospital Agreement, as amended (the "Agreement"), with Blue Cross and Blue Shield of Florida, Inc., d/b/a Florida Blue ("Florida Blue").[1]

3. Blue Cross and Blue Shield Association ("BCBSA") is a national federation of Blue Cross and Blue Shield companies that owns the Blue Cross and Blue Shield trademarks and licenses their use.

4. BCBS-MI is a not-for-profit company incorporated in Michigan, with its principal place of business in Detroit, Michigan.

5. BCBS-MI is a licensee of BCBSA.

6. The Agreement grants BCBSA licensees, including BCBS-MI, the right to identify TGH as a network hospital for their respective members, and BCBS-MI has exercised that right during the course of business.

7. Plans licensed by BCBSA, including Florida Blue and BCBS-MI, participate in inter-plan business activity that permits members of one plan to obtain covered services from providers contracted with another plan outside its

[1] Due to the confidential nature of the Agreement, Plaintiff will provide a copy of the Agreement to Defendant's counsel upon request.

service area. Relative to any given plan, each other plan is referred to as a "Sister Plan."

8. Under these inter-plan business relationships, contracted providers, such as TGH under the Agreement, may render services to, and submit claims for, members of a Sister Plan, such as BCBS-MI.

9. Under the Agreement, TGH submits claims for covered services rendered to BCBS-MI Members to Florida Blue. Florida Blue prices those claims at the rates negotiated under the Agreement and transmits them to the Member's Sister Plan. The Sister Plan, here BCBS-MI, then issues explanation of benefits and pays the claims, applying the rates and terms of the Agreement.

10. TGH rendered covered healthcare goods and services to BCBS-MI's insured members (the "Members").

11. As a Sister Plan, BCBS-MI is obligated to abide by the reimbursement provisions agreed to between TGH and Florida Blue and is entitled to the benefit of all discounts and other advantages provided to Florida Blue under the Agreement.

12. BCBS-MI has underpaid and denied claims for medically necessary hospital services by an amount greater than $75,000.00 (the "Claims").

13. TGH sought to arbitrate the resulting disputes pursuant to the Agreement's arbitration clause. BCBS-MI has refused to designate an arbitrator or otherwise participate in arbitration, giving rise to this action.

14. This is an action under 28 U.S.C. § 2201 for a declaration that BCBS-MI is bound by the Agreement's arbitration provision and under Section 4 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 4, to compel BCBS-MI to arbitrate the Claims.

## JURISDICTION AND VENUE

15. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because TGH is a resident of Florida and BCBS-MI is a resident of Michigan and the total amount in controversy in this action exceeds $75,000.00, exclusive of interest and costs.

16. BCBS-MI is subject to the jurisdiction of this Court under Fla. Stat. § 48.193(1)(a)(1), (4), and (7) because: (a) BCBS-MI operates, conducts, or engages in business in Florida by processing and paying claims for healthcare services rendered at Florida facilities; (b) BCBS-MI established a provider network that allows its members to access in-network services and rates with Florida providers, like TGH; and (c) BCBS-MI breached a contract within Florida.

17. Venue is proper in this District under 28 U.S.C. § 1391 because a substantial part of the events giving rise to this action occurred in Hillsborough

County, and the Agreement requires arbitration in Hillsborough County, within this District. The Tampa Division is proper because Hillsborough County lies within it.

18. All conditions precedent to the filing, maintenance, and prosecution of this action have been satisfied, fulfilled, extinguished, waived, or otherwise excused.

## GENERAL ALLEGATIONS

19. Since 2001, TGH has been an in-network provider for Florida Blue, and all Blue Cross Blue Shield plans under a license or sub-license with BCBSA, through the Agreement, as amended.

20. The Agreement, as amended, applies to individuals enrolled in Florida Blue's products as well as other individuals covered under Sister Plans, such as BCBS-MI's Members.

21. Effective July 15, 2001, Section 5.1 of the Agreement was amended to include Sister Plans:

> It is further agreed that [Florida Blue] is entitled to treat individuals covered through sister Blue Cross and/or Blue Shield Plans (i.e. each Plan an independent corporation operating under a license or sub-license with Blue Cross and Blue Shield Association) as Policyholders under this Agreement, such individuals also being treated as being covered under PREFERRED PATIENT CARE Benefit Agreement . . . . [TGH] further agrees that sister Blue Cross and/or Blue Shield Plans may also identify [TGH] as a "PREFERRED PATIENT CARE Hospital" as otherwise allowed [Florida Blue] under Section 6.2 of this Agreement.

First Amendment to Agreement, ¶ 10.

22. BCBS-MI issues and administers Preferred Provider Organization ("PPO") plans, under which Members receive enhanced benefits, such as reduced out-of-pocket costs, when they obtain covered services from hospitals and physicians who participate in BCBS-MI's provider network.

23. BCBS-MI identified TGH as a network hospital available to Members for purposes of their health benefit coverage.

24. TGH rendered services to Members and submitted claims for hospital services pursuant to the terms of the Agreement.

25. BCBS-MI accepted and authorized the hospital services TGH rendered to its insured Members. BCBS-MI has previously processed and partially paid for such services under the Agreement.

***TGH Seeks to Initiate Arbitration Proceedings Under the Agreement***

26. This action arises out of BCBS-MI's denial and underpayment of the Claims covered by BCBS-MI plans.

27. TGH provided covered hospital goods and services to the Members pursuant to the terms of the Agreement.

28. TGH has exhausted all administrative and contractual remedies under the Agreement.

29. As of the filing of this action, the Claims remain unpaid and/or underpaid.

30. The Agreement's Section X, 11.2 (the "Arbitration Provision") states, in relevant part:

> [Florida Blue] and [TGH] agree to meet and confer in good faith to resolve any problems or disputes that may arise under this Agreement. Further, [Florida Blue] and [TGH] agree to arbitrate such problems or disputes when resolution cannot otherwise be obtained. Unless the parties agree in writing to modify the procedure for arbitration, the following procedure will be followed: Such arbitration shall be initiated by either party making a written demand for arbitration on the other party. Within thirty (30) days of that demand, [Florida Blue] and [TGH] shall each designate an arbitrator and give written notice of such designation to the other . . . in accordance with rules and procedures of the American Arbitration Association. . . . The arbitration shall be held in the State of Florida, Hillsborough County.

Agreement, §XI.11.2.

31. On August 16, 2026, TGH contacted BCBS-MI in a good faith effort to meet and confer regarding the parties' dispute concerning BCBS-MI's improper denial and underpayment of claims for covered services under the Agreement. TGH notified BCBS-MI of its intent to initiate arbitration pursuant to the Agreement if BCBS-MI failed to remedy the underpayments and requested that BCBS-MI designate an arbitrator.

32. BCBS-MI failed to remedy the underpayments and failed to designate an arbitrator as requested.

33. TGH desires to proceed with resolution of the parties' contractual dispute through arbitration pursuant to the Arbitration Provision.

**COUNT I**
**DECLARATORY RELIEF – 28 U.S.C. § 2201**

34. TGH realleges and incorporates paragraphs 1 through 33 as if fully stated here.

35. An actual, present, and justiciable controversy exists between TGH and BCBS-MI regarding whether BCBS-MI is bound by the Arbitration Provision.

36. TGH and Florida Blue entered into the Agreement, as amended, which is a valid and enforceable contract.

37. The Agreement was amended to extend to cover Sister Plans, which includes BCBS-MI.

38. In amending the Agreement to extend to cover Sister Plans, Florida Blue acted as the agent of the Sister Plans, including BCBS-MI.

39. Accordingly, BCBS-MI is bound by the Agreement, including the Arbitration Provision, with respect to Claims for Covered Services rendered to its Members.

40. BCBS-MI is bound by the Arbitration Provision because the claims arise from the Agreement, the dispute is within the scope of the Arbitration Provision, BCBS-MI is a third-party beneficiary to the Agreement and availed itself

of the benefits of the Agreement, and is otherwise estopped from disavowing the terms of the Agreement and Arbitration Provision.

41. In the alternative, BCBS-MI ratified the Agreement, including the Arbitration Provision, by identifying TGH as a network hospital to its members, accepting the benefit of covered services rendered by TGH to Members under the Agreement's terms and reimbursement rates, and processing and paying claims for those Covered Services pursuant to the Agreement. Such ratification relates back and supplies any authority that may have been lacking at the time Florida Blue entered into the Agreement.

42. BCBS-MI refuses to submit the Claims to arbitration.

43. TGH furnished medically necessary hospital services and goods to the Members.

44. BCBS-MI is obligated to pay an amount exceeding $75,000 to TGH for providing covered services to the Members.

45. This controversy is ripe for adjudication, as BCBS-MI has rejected TGH's request for participation in the arbitration process.

46. TGH is entitled to a judicial declaration that BCBS-MI is contractually bound by the Arbitration Provision, such that TGH can seek resolution of the Claims through arbitration.

47. Absent declaratory relief, TGH will be deprived of its contracted-for dispute resolution mechanism for the Claims.

**WHEREFORE**, TGH respectfully requests this Court enter an order declaring as a matter of law as follows:

a. The Arbitration Provision in the Agreement is valid, enforceable, and applicable to disputes between TGH and Blue Cross and Blue Shield Association licensees, i.e., "Sister Plans" including the disputes between TGH and BCBS-MI.

b. The services rendered by BCBS-MI are subject to the Agreement's arbitration process;

c. Such other and further relief as this Court deems just and proper.

**COUNT II**
**ACTION TO COMPEL ARBITRATION – 9 U.S.C. § 4**

48. TGH realleges and incorporates paragraphs 1 through 33 as if fully stated here.

49. The Agreement is a valid, binding written agreement to arbitrate. The Arbitration Provision covers "any problems or disputes that may arise under this Agreement," which encompasses the Claims.

50. In amending the Agreement to extend to cover Sister Plans, Florida Blue acted as the agent of the Sister Plans, including BCBS-MI.

51. Accordingly, BCBS-MI is bound by the Agreement, including the Arbitration Provision, with respect to Claims for Covered Services rendered to its Members.

52. BCBS-MI is bound by the Arbitration Provision because the claims arise from the Agreement, the dispute is within the scope of the Arbitration Provision, BCBS-MI is a third-party beneficiary to the Agreement and availed itself of the benefits of the Agreement, and is otherwise estopped from disavowing the terms of the Agreement and Arbitration Provision.

53. In the alternative, BCBS-MI ratified the Agreement, including the Arbitration Provision, by identifying TGH as a network hospital to its members, accepting the benefit of covered services rendered by TGH to Members under the Agreement's terms and reimbursement rates, and processing and paying claims for those Covered Services pursuant to the Agreement. Such ratification relates back and supplies any authority that may have been lacking at the time Florida Blue entered into the Agreement.

54. Section 4 of the FAA, 9 U.S.C. § 4, permits a party aggrieved by another's failure, neglect, or refusal to arbitrate under a written agreement to petition a federal district court for an order directing that arbitration proceed as the agreement provides and authorizes a federal district court to compel the non-complying party to arbitrate claims against it.

55. TGH is aggrieved by BCBS-MI's refusal to arbitrate the Claims. TGH made a written demand for arbitration, and BCBS-MI has failed to designate an arbitrator or otherwise participate in arbitration.

56. TGH seeks an order of this Court compelling BCBS-MI to arbitrate the Claims.

**WHEREFORE**, TGH respectfully requests that the Court enter an order:

a. Compelling BCBS-MI, pursuant to 9 U.S.C. § 4, to arbitrate each of the Claims under the Arbitration Provision, in Hillsborough County, Florida, in accordance with the rules and procedures of the American Arbitration Association;

b. Taxable costs and expenses; and

c. Such other relief as the Court deems equitable, just, and proper.

Dated: October 23, 2026.

WOLFE | PINCAVAGE
*Counsel for TGH*
7800 SW 57th Avenue
Suite 225
Miami, FL 33143
Office: 786.409.0800

/s/Anna D. Torres
Anna D. Torres
service-1@wolfepincavage.com
Fla. Bar No.: 074837
Victor On-Sang
victor.onsang@wolfepincavage.com
Fla. Bar No.: 1050406